FILED
2016 Aug-08  AM 10:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| PAMELA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 5:15-cv-1224-LSC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION

### I.     Introduction

The plaintiff, Pamela Smith, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for a period of disability, Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Ms. Smith timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Smith was fifty-five years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a high school education. (Tr. at 44.) Her past work experiences include employment as a police dispatcher and in several

warehouse positions in a GE refrigerator factory. (Tr. at 180.) Ms. Smith claims that she became disabled on May 1, 2010, due to fibromyalgia, high blood pressure, post-traumatic stress disorder due to sexual abuse, degenerative disk disease, depression due to current situation, and arthritis in her back, ankles and hands. (Tr. at 44.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational

requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's

impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Ms. Smith meets the insured status requirements of the Social Security Act through December 13, 2015. (Tr. at 10.) He further determined that Ms. Smith has not engaged in SGA since May 1, 2010, the alleged onset of her disability. *Id.* According to the ALJ, Plaintiff's degenerative disk disease of the lumbar spine, disorders of bone and cartilage (osteoporosis), fibromyalgia, pinched nerve in the right leg, high blood pressure, disk problems in the back, and osteoarthritis are considered "severe" based on the requirements set forth in the regulations. (Tr. at 12.) However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ

did not find Ms. Smith's allegations to be totally credible, and he determined that

she has the following RFC:

> to perform light work as defined in 20 C.F.R. §§ 404.1567(b),
> 416.967(b), except she can occasionally lift and carry 20 pounds and 10
> pounds frequently. She can stand and/or walk (with normal breaks)
> for a total of 6 hours in an 8 hour workday, pushing and pulling is
> limited to frequent with the left lower extremity. She can occasionally
> climb ramps and stairs. She can never climb ladders, ropes, and
> scaffolds, frequently balance, stoop, kneel, crouch, and never crawl.
> She should avoid concentrated exposure to extreme cold, extreme
> heat, and vibrations. She should avoid all exposure to hazards such as
> unprotected heights and moving unguarded machinery and uneven
> terrain.

(Tr. at 13.)

According to the ALJ, Ms. Smith is able to perform her past relevant work as

a material coordinator because that work does not require the performance of work-

related activities precluded by her RFC. (Tr. at 18.) In the alternative, the ALJ

found that Plaintiff could perform a significant number of other jobs in the national

economy, such as small product assembler, housekeeping cleaner, and cashier II.

(Tr. at 19.) The ALJ concluded his findings by stating that Plaintiff "has not been

under a disability, as defined in the Social Security Act, from May 1, 2010, through

the date of this decision." (Tr. at 20.)

## II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.  *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).  This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the

proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)).   Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.   Discussion

Ms. Smith alleges that the ALJ's decision should be reversed and remanded for one reason: because the ALJ failed to properly evaluate her subjective complaints of pain pursuant to the Eleventh Circuit Court of Appeals' "pain standard."

Subjective complaints of pain and other symptoms may establish the presence of a disabling impairment if they are supported by medical evidence. *See Foote v. Chater,* 67 F.3d 1553, 1561 (11th Cir. 1995). To establish disability based upon pain and other subjective symptoms, "[t]he pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical

evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer*, 395 F.3d at 1210 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). Nonetheless, the ALJ is permitted to discredit the claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements."). In making a credibility determination, an ALJ may consider the opinions of treating physicians and consultative examiners, as well as those of other medical doctors. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The credibility determination does not need to refer to "every piece of evidence in his decision [regarding credibility], so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the district court] to conclude that [the ALJ] considered her medical condition as a whole." *Dyer*, 395 F.3d at 1210-11.

Plaintiff testified that she has pain in her lower back, legs, and feet. (Tr. at 45.) She stated that her widespread pain is from her fibromyalgia. (*Id.*) She specifically stated that she spends about three to four hours lying down during the day to help with her pain. (Tr. at 52). She explained she can stand for only about five to seven minutes at one time, sit for no more than one hour at one time, walk less than 50 yards at one time, and lift nothing heavier than about a gallon of milk. (Tr. at 51-52). Plaintiff emphasizes that it was not appropriate for the ALJ to find her complaints of pain not credible simply because she never had surgery related to her debilitating pain. Instead, she claims that her consistent treatment for fibromyalgia is sufficient evidence of her debilitating pain. Plaintiff also points out that all her physicians believed her complaints, as they continuously prescribed medications and injections.

As an initial matter, the ALJ complied with the Eleventh Circuit's pain standard by first finding that the record demonstrates that Plaintiff has underlying medical conditions. The ALJ then found that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements about the intensity, persistence, and limiting effects of the symptoms were not entirely credible. (Tr. at 14, 18). The decision then offers multiple reasons for the ALJ's credibility determination.

First, the ALJ found that the medical evidence was inconsistent with Plaintiff's allegations of disabling levels of pain. (Tr. at 14-17). As the ALJ noted, credibility is assessed based on the extent to which the symptoms and allegations are consistent with, and supported by, the objective medical evidence. (Tr. at 17). The ALJ noted that Plaintiff had not had any surgery or inpatient hospital stays, and that her imaging studies showed degenerative changes but no disk herniation, protrusion, fracture, subluxation or spinal cord or nerve root compromise.  (Tr. at 14-15, 417, 490, 491). Indeed, while Plaintiff's medical record establishes that she has underlying medical conditions, it does not support the severity of her complaints. From 2008 onwards, two years before the alleged onset of her disability, Plaintiff experienced an exacerbation of her pain, but then it abated as treatment continued with injections. (Tr. at 555-57, 559-61, 563-67.) For example, in August 2011, Plaintiff had full range of motion in both hips with only discomfort at the extremes of internal rotation of her left hip, with negative straight leg raising, symmetric reflexes, no weakness or sensory abnormalities of the lower extremities, and no edema. (Tr. at 326). She had only some early osteoarthritis changes in the left hip. (*Id.*) In November 2011, Plaintiff denied having any musculoskeletal pain. (Tr. at 376). Her examination showed a normal range of motion and strength, no edema in the extremities, and a normal gait with a nonfocal neurological exam. (Tr.

at 377). In March 2012, Plaintiff saw Dr. James Thacker for fibromyalgia pain management and had normal ambulation with no external devices or supervision and normal muscle tone, bulk and strength in all muscles with no atrophy or involuntary movements. (Tr. at 334). Plaintiff had no abnormalities in the upper or lower extremities and had an unrestricted range of motion in the cervical spine. (*Id.*) While Plaintiff had tenderness in the spine and hamstrings, after a treatment including dry needling and manual therapy, Plaintiff reported she was feeling better but still had some low back pain. (Tr. at 335). Plaintiff reported the following day that her symptoms had all improved but she still had pain. (Tr. at 336). On March 26, 2012, Plaintiff told Dr. Thacker she had decreased pain in all areas after treatment. (Tr. at 338). After injections on April 2, 2012, Dr. Thacker noted Plaintiff's ambulation had improved greatly. (Tr. at 340). In April 2012, Plaintiff reported pain scores of two out of ten for her neck and shoulders, four for her mid back, six for her low back, and five for her bilateral hips. (Tr. at 345). In June 2012, Plaintiff reported her pain level was at three out of ten for all areas. (Tr. at 358). After treatment on June 12, 2012, Plaintiff rated her pain as zero out of ten and reported a decrease in pain and muscle tightness. (Tr. at 361).

Additionally, and as noted by the ALJ, Plaintiff described her oral medications for pain treatment as working well. (Tr. at 15, 372, 595). The

effectiveness of medication, treatment other than medication, and other measures used to relieve pain are factors properly considered by an ALJ in assessing a claimant's credibility. *See* 20 C.F.R. §§ 404.1529(c)(3)(i)-(vi), 416.929(c)(3)(i)-(vi). Plaintiff reported she was having good results from the medication and did not need a medication refill. (Tr. at 372). Indeed, Dr. Thacker decreased the frequency of Plaintiff's visits in 2012. (Tr. at 16, 365). In August 2012, Dr. Thacker noted Plaintiff reported good results with the Norco and Flexeril prescriptions. (Tr. at 400). Also in August 2012, Plaintiff reported her back pain decreased as a result of taking Gabapentin and Flexeril. (Tr. at 403). Plaintiff did not report for her visits for a four-month period in late 2012 through early 2013. (Tr. at 16, 599-605, 626-27). For the first cancelled appointment, Plaintiff said that she lacked transportation. (Tr. at 605.)  For the next several appointments, she gave no reason.  Plaintiff's cancellations of her appointments weaken her argument that she sought all the medications and treatments she could obtain to abate her symptoms for fibromyalgia. When she did return for an appointment, she noted her medication was working well. (Tr. at 16, 599-605, 626-27.) Her examination showed normal muscle strength and tone of the upper and lower extremities along with a normal gait and station with normal stability and range of motion of the

lower extremities. (Tr. at 610). In August 2013, Plaintiff was able to ambulate without assistance or supervision. (Tr. at 634).

Plaintiff's testimony was also inconsistent with her prior statements and the medical record in several areas, thus further undermining her credibility. The Commission's regulations provide that an ALJ may properly consider "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your treating or nontreating source or other persons about how your symptoms affect you." 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). For example, the ALJ discussed Plaintiff's allegation that she uses a cane, walker and back brace, but noted that the consultative examiner and other providers had found that she had a normal gait without the use of any assistive device or brace. (Tr. at 15, 194, 334, 385, 634). Additionally, the ALJ noted Plaintiff's alleged onset date of May 1, 2010, but that her self-reported work history indicates she worked until May 26, 2010. (Tr. at 17, 140, 171). Further, the ALJ noted that while Plaintiff reported at one point that her live-in partner helps her walk, she also reported that she lived alone after her alleged onset date, and thus, did not always have that assistance. (Tr. at 17, 51, 199). Additionally, Plaintiff's allegation that she could not go out alone because she

might have sudden pain or a muscle spasm or jerking was not observed or diagnosed by any examining medical source. (Tr. at 17, 403). Indeed, there was no evidence that Plaintiff was accompanied by anyone to her medical appointments. (Tr. at 17). Finally, the ALJ noted that while Plaintiff reported having relief from pain after nerve block injections and requested them again, Plaintiff told her primary care doctor that she had no benefit from the injections. (Tr. at 17, 326). She also told the consultative examiner that she got only minimal improvement from nerve block injections. (Tr. at 384).

Finally, a variety of medical reports characterize Plaintiff as not being in distress or pain. For example, Heritage Family Medicine, a treatment center which did not have access to Plaintiff's previous records, characterized the plaintiff as "in no apparent distress, appears in mild pain . . . " (Tr. at 215.) Further, in her Disability Determination Explanation ("DDI"), Plaintiff is described as not being in any "acute distress." (Tr. at 70.) In sum, the objective medical evidence certainly acknowledges that Plaintiff suffered some pain from fibromyalgia-related symptoms, but it also clearly indicates that she could keep her pain at bay with medication and other treatment. As such, the ALJ did not err in finding her testimony of disabling pain not entirely credible.

## IV.    Conclusion

Upon review of the administrative record, and considering all of Ms. Smith's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** AND **ORDERED** ON AUGUST 8, 2016.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704